UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 13, 2016

LETTER TO COUNSEL

RE: *Ashley Ann Summers v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3456

Dear Counsel:

On November 13, 2015, Plaintiff Ashley Ann Summers petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, as well as Ms. Summers's reply. (ECF Nos. 20, 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Ms. Summers filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 22, 2011. (Tr. 105-06); *see* (Tr. 207-24). She alleged a disability onset date of July 31, 2008. *Id.* Her claims were denied initially and on reconsideration. (Tr. 131-38, 141-46). A hearing was held on April 9, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 33-88). Following the hearing, the ALJ determined that Ms. Summers was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11-30). The Appeals Council denied Ms. Summers's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Summers suffered from the severe impairments of "obesity, left (non-dominant) carpal tunnel syndrome, lumbar radiculopathy, depressive disorder, anxiety disorder, and borderline personality disorder." (Tr. 16). Despite these impairments, the ALJ determined that Ms. Summers retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs to have the opportunity to alternate sit/stand in place every 30 minutes, she can frequently balance, occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs, she cannot climb ropes, ladders, or scaffolds, she can frequently, but not continuously or repetitively grasp finger and feel, and she needs to avoid all exposure to hazards including dangerous machinery and heights. Nonexertionally, she can perform unskilled work, no more than SVP2, in non-production oriented

*Ashley Ann Summers  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3456
October 13, 2016

> work setting, that does not require interaction with the public or more than occasional interaction with coworkers and supervisors.

(Tr. 19).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Summers could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 24).

Ms. Summers's sole argument on appeal is that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Koduah.  Pl. Mot. 8-16; Pl. Rep. 1-4.  A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record.  *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight.  *Craig*, 76 F.3d at 590.  If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).  The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors.  *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Ms. Summers's assertion, the ALJ properly evaluated Dr. Koduah's opinion. The ALJ assigned Dr. Koduah's opinion "some weight" because it was inconsistent with the medical evidence and unsupported by the objective record. (Tr. 22-23). Notably, Dr. Koduah opined that Ms. Summers "would require five 30-minute breaks per day, that her symptoms constantly interfere with attention and concentration, [] that she could not even do low stress work," and that "she would miss work more than three times a month." (Tr. 22, 464-66). Additionally, Dr. Koduah opined that Ms. Summers "could walk ½ block, sit one hour at a time and stand one hour at a time for four hour (sic) each in an eight hour day, [] occasionally lift less than ten pounds," and "could not use her left hand for grasping, pushing, pulling, or fine manipulation, and cannot use her feet for leg controls." *Id*.  Accordingly, the ALJ assigned Dr. Koduah's opinion "some weight…insofar as it is consistent" with some of Ms. Summers's alleged physical limitations,[1] yet declined to credit the remainder of the opinion.  (Tr. 22-23).

To support his assertion, the ALJ found that "neither the evidence as a whole, nor [Ms. Summers's] admitted activities, support [Dr. Koduah's] opinion and speculation[.]"  (Tr. 23). Most significantly, the ALJ noted that although the "opinion appears consistent with [Ms. Summers's] testimony, it is inconsistent with the generally normal findings on physical examinations (including her left upper extremity), [and] the nature of her medical care and

---

[1] Specifically, the ALJ credited Dr. Koduah's findings that Ms. Summers "needs a sit/stand option, she has some limitations with grasping, handling, and fingering, and she is limited to unskilled SVP2 work in a non-production oriented work setting." (Tr. 23).

*Ashley Ann Summers  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3456
October 13, 2016

response to treatment[.]"[2]  (Tr. 22, 351-77, 506-631, 649-53).  In addition, the ALJ found Dr. Koduah's opinion inconsistent with Ms. Summers's "admitted daily activities including her ability to take care of her own personal needs, shop from one to several hours at a time, do housework and laundry, lift 15 pounds, prepare meals, drive, play video games, do scrapbooking, manage her own finances, and follow oral instructions very well." (Tr. 22-23, 247-58, 289-96). Although Ms. Summers correctly notes that her "daily activities are not [necessarily] contrary to a finding of disability," Pl. Mot. 14, the ALJ properly found her activities instructive to the assessment of Ms. Summers's alleged limitations.  *See* 20 C.F.R. § 404.1529; *see* SSR 96–8p (1996 WL 374184 *4, *7 (S.S.A.) (holding that the "[R]FC assessment must…cit[e] specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").  Moreover, substantial evidence elsewhere in the record, including the fact that "the objective findings on mental status examinations were generally unremarkable," the "physical examinations of her cervical spine and upper extremitis (sic) were normal," and the symptoms of her mental disorders "responded to treatment," further belies Dr. Koduah's opinion. (Tr. 21).  The ALJ also cited "the State Agency psychological consultants[']s] determin[ation] that [Ms. Summers's] was not limited to unskilled work and maintained the ability to adapt to most changes and task demands on a sustained basis." (Tr. 23, 107-28). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "some weight" to Dr. Koduah's opinion.

Ms. Summers also contends that the ALJ failed to consider the factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(1)-(6), when assigning weight to Dr. Koduah's opinion.  The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR 404.1527(d), 416.927(d).  These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical opinion is supported by evidence.  20 CFR §§ 404.1527(d)(1)-(5), 416.927(d)(1)-(5).  Upon review of the record, I find that the ALJ cited each factor required under the regulations. Specifically, the ALJ noted that Dr. Koduah was Ms. Summers's treating physician and that he examined Ms. Summers in 2013.  (Tr. 22).  The ALJ also adduced Dr. Koduah's opinion, (Tr. 22-23), and cited his RFC Questionnaire, which contains Dr. Koduah's original notes and denotes his status as Ms. Summers's primary physician, (Tr. 22-23, 464-66).  The ALJ then found, as noted above, that Dr. Koduah's opinion was "inconsistent" and "speculati[ve]," and declined to assign it "significant weight." (Tr. 22-23).  Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Koduah's opinion, and that her findings are supported by substantial evidence.

---

[2] Ms. Summers also contends that the ALJ failed to consider Dr. Koduah's EMG findings in her analysis of Ms. Summers's physical capabilities. Pl. Mot. 12. To the contrary, the ALJ explicitly noted Dr. Koduah's EMG results, (Tr. 17) (citing (Tr. 695-700) and noting that "[d]iagnostic tests in April 2014 revealed marked right L5 and marked left S1 radiculopathy").  As noted above, however, the ALJ found Dr. Koduah's opinion "inconsistent with the generally normal findings on physical examinations (including her left upper extremity), [and] the nature of her medical care and response to treatment," (Tr. 22), and accordingly found it unpersuasive in light of the record.

*Ashley Ann Summers  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3456
October 13, 2016

      For the reasons set forth herein, Ms. Summers's Motion for Summary Judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge